UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL A. LEE,<br><br>   Petitioner,<br><br>   v.<br><br>J. SOTO, Warden,<br><br>   Respondent. | NO. CV 16-5470-ODW (AGR)<br><br>ORDER TO SHOW CAUSE |

  Petitioner has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that the one-year statute of limitations has expired.

  The court therefore orders Petitioner to show cause on or before **August 22, 2016** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

# **PROCEDURAL BACKGROUND**

A Los Angeles County Superior Court jury convicted Petitioner of two counts of special-circumstance murder and other crimes and enhancements. He was sentenced to two consecutive prison terms, each consisting of life without possibility of parole plus 25 years. *See People v. Lee*, No. B213692, 2010 WL 2636483 (Cal. App. 2d Dist.).

On July 2, 2010, the California Court of Appeal affirmed. *Id.* On October 20, 2010, the California Supreme Court denied review. California Appellate Courts Online Docket in Case No. S184433.

Five and a half years passed. On April 1, 2016, Petitioner filed a habeas petition in the California Supreme Court, which denied relief on May 18, 2016. California Appellate Courts Online Docket in Case No. S233435.

# II.

# **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner's conviction became final on January 18, 2011, 90 days after the California Supreme Court denied review on October 20, 2010. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired on January 19, 2012. Absent tolling, the petition is late by over four years.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner does not appear to have had any state habeas challenges pending during the limitations period. He cannot benefit from tolling for his 2016 California Supreme Court petition, for he did not file that action until long after the limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634(2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition or the extensive supporting memorandum that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered)

3

the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

Petitioner alleges his trial counsel was ineffective, but the factual bases for Petitioner's claim were known by him at the latest before he was sentenced. (See Petition at scanned pp. 10-14.) Therefore, the date of discovery with respect to trial counsel does not assist Petitioner.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before ***August 22, 2016,*** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to this order to show cause by August 22, 2016, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations**.

DATED: August 2, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge