UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL A. LEE,<br><br>    Petitioner,<br><br>        v.<br><br>J. SOTO,<br><br>    Respondent. | NO. CV 16-5470-ODW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS<br>(SUCCESSIVE PETITION) |

On March 30, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 murder conviction in Los Angeles County Superior Court. Because he previously challenged that conviction here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in the Central District.

The Petition and judicially-noticeable records indicate that a Los Angeles County Superior Court jury convicted Petitioner of two counts of first degree murder, with special-circumstance findings, in 2008. The court sentenced him to life without the possibility of parole. *See People v. Lee*, No. B213692, 2010 WL 2636483 (2010).

On August 16, 2011, petitioner filed a Petition for Writ of Habeas Corpus in this Court in case number CV 11-6739-ODW (OP) (*Lee I*). Petitioner asserted seven claims challenging the same 2008 conviction. On November 27, 2012, the Court accepted the Magistrate Judge's 71-page Report And Recommendation, denied the habeas petition with prejudice, and denied a certificate of appealability. On March 18, 2013, the Ninth Circuit likewise denied a certificate of appealability in its case number 13-55293. (*Lee I* Dkt. No. 40.) A current search of the Ninth Circuit's public docket reflects no subsequent filings by Petitioner, such as an application for leave to file a second or successive petition.

On March 30, 2016, Petitioner filed the Petition. Petitioner presents several claims, again challenging the 2008 conviction.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in

play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same 2008 conviction and/or sentence as in *Lee I*. Petitioner has not obtained the required authorization from the Ninth Circuit for filing another habeas challenge to the same conviction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: _September 12, 2016

_____
OTIS D. WRIGHT II
United States District Judge